```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
LUBOS NAPRSTEK,

                    Plaintiff,

-v-                                      CIVIL ACTION NO.: 21 Civ. 8560 (CM) (SLC)

MARRIOT INTERNATIONAL, INC.,                   **ORDER**

                    Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of a letter filed by non-party Elliott Shriftman ("Mr. Shriftman") regarding a notice of deposition (the "Notice") and interrogatories (the "Interrogatories") that pro se Plaintiff Lubos Naprstek ("Mr. Naprstek") served on Mr. Shriftman. (ECF No. 72). Mr. Shriftman argues that "the use of discovery devices on non-parties is improper" and has declined to comply with the Notice or respond to the Interrogatories.

The Court agrees with Mr. Shriftman that he is not required to comply with the Notice or respond to the Interrogatories. With respect to the Notice, the Federal Rules of Civil Procedure provide that "[a] party may, by oral questions, depose any person, including a party, without leave of court except" under certain inapplicable circumstances. Fed. R. Civ. P. 30(1)(1). "The deponent's attendance may be compelled by subpoena under Rule 45." Id. "[W]hile a [pro se] Plaintiff cannot issue a subpoena, Federal Rule of Civil Procedure 45 provides that the Clerk of Court 'must issue a subpoena, signed but otherwise in blank, to a party who requests it.'" Fed. R. Civ. P. 45. Yutong Jin v. Choi, No. 20 Civ. 9129 (MKV) (SDA), 2021 WL 738843, at *1 (S.D.N.Y. 2021). Accordingly, "[i]f Mr. Naprstek seeks to take [Mr. Shriftman's] deposition, he must obtain

a subpoena" from the Clerk of Court pursuant Federal Rule of Civil Procedure 45. <u>Shepler v. Metro-N. Commuter R.R.</u>, No. 13 Civ. 7192 (RWS), 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016). Mr. Naprstek is advised that he must provide the Defendant with a notice and copy of subpoena before service, in accordance with Rule 45(a)(4).

With respect to the Interrogatories, Mr. Shriftman is correct that "Federal Rule of Civil Procedure 33 provides that interrogatories are only for parties, not non-parties, to the litigation." (ECF No. 72 at 1). <u>See</u> Fed. R. Civ. P. 33 (providing for interrogatories to parties only). Accordingly, Mr. Shriftman is not required to respond to the Interrogatories.

Mr. Naprstek is reminded again of his ability to seek free legal advice from the New York Legal Assistance Group's legal clinic by visiting its website at nylag.org/pro-se-clinic, or by calling 212-659-6190. This clinic is not part of or run by the Court and it cannot accept filings on behalf of the Court.

Defendant shall promptly serve a copy of this Order on Mr. Naprstek.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Naprstek.

Dated:    New York, New York
          January 11, 2024

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**