UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUBOS NAPRSTEK,<br><br>                Plaintiff,<br>-v-<br><br>MARRIOT INTERNATIONAL, INC.,<br><br>                Defendant. | CIVIL ACTION NO.: 21 Civ. 8560 (CM) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the telephone conference held today, March 12, 2024 (the "Conference"), regarding (i) non-party Elliott Shriftman's motion (ECF No. 77 ("Mr. Shriftman's Motion")) to quash a subpoena that pro se Plaintiff Lubos Naprstek served pursuant to Federal Rule of Civil Procedure 45 seeking Mr. Shriftman's responses to a set of interrogatories and (ii) the status of fact discovery, the Court orders as follows:

1. Mr. Shriftman's Motion is GRANTED IN PART and DENIED IN PART. As the Court has previously explained to Mr. Naprstek, "Federal Rule of Civil Procedure 33 provides that interrogatories are only for parties, not non-parties, to the litigation." (ECF No. 74 at 2 (citing Fed. R. Civ. P. 33 (providing for interrogatories to parties only)). See Chiquita Fresh N. Am., LLC v. Long Island Banana Corp., No. 14 Civ. 982 (ADS) (AKT), 2018 WL 4853049, at *2 (E.D.N.Y. Sept. 28, 2018) ("[A] request to answer interrogatories attached to a subpoena is beyond the scope of Rule 45, as Rule 45 does not permit this form of discovery."). Given Mr. Naprstek's pro se status, however, Mr. Shriftman shall promptly search (the "Search") for documents in his possession responsive to Interrogatories 14 and 15 (ECF No. 77-2 at 6), which liberally

construed, seek the production of documents. By **March 22, 2024**, Mr. Shriftman shall file a letter, no longer than three (3) pages, reporting on the result of the Search and attaching any responsive, non-privileged documents.

2. Defendant shall promptly file a copy of the transcript of the deposition of Veronica Stewart (the "Transcript").

3. **Within two weeks** of his receipt of the Transcript, Mr. Naprstek shall file his proposed Second Set of Requests for the Production of Documents (the "Proposed Requests") that he seeks leave to serve on Defendant.

4. **Within one week** of Mr. Naprstek's filing of the Proposed Requests, Defendant shall file its response (the "Response").

5. On receipt of the Response, the Court will rule on Mr. Naprstek's request to serve the Proposed Requests and to take the deposition of "Ms. Mui." The Court will also rule at that time on Mr. Naprstek's request at the Conference for an extension of the fact discovery deadline.

6. The deadlines for Plaintiff to seek leave to amend his Complaint and for expert discovery remain HELD IN ABEYANCE (see ECF No. 62 ¶ 4).

7. By **March 14, 2024**, Defendant shall order a transcript of the Conference, and shall select the 7-day option for service.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated:   New York, New York               SO ORDERED.
         March 12, 2024

                                          _____
                                          **SARAH L. CAVE**
                                          **United States Magistrate Judge**

2